# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY, | : : : | 1:18-mc-278 |
| Petitioner, | : : | Hon. John E. Jones III |
| v. | : : | |
| NEW ENGLAND REINSURANCE CORPORATION and HARTFORD FIRE INSURANCE COMPANY, | : : : : : | |
| Respondents. | : | |

## MEMORANDUM & ORDER

## March 14, 2019

Petitioner, Pennsylvania National Mutual Casualty Insurance Company ("Penn National"), initiated this short-lived matter by filing a Petition to Confirm Arbitration Award on April 30, 2018. (Doc. 1). Penn National subsequently filed an unopposed Motion to Seal Documents, including reinsurance agreements among the parties and the arbitration award, which we granted. (Docs. 2, 4). Before the Court ruled on Penn National's Petition to Confirm Arbitration Award, however, Penn National notified the Court on May 3, 2018, that the parties had reached a settlement. (Doc. 5). Thus, Penn National withdrew the Petition, and the matter closed.

Presently pending before the Court is a Motion to Intervene and Unseal Documents filed by Everest Reinsurance Company ("Everest"). Everest's interest in the sealed documents relates to a consolidated matter before the Court between Penn National and Everest, whereby both parties filed competing Motions to Compel Arbitration. (*See* 1:18-mc-653). We are entering a separate memorandum and order on the related matter concurrently with this opinion. Everest's Motion has been fully briefed and is ripe for our review. We will begin by discussing Everest's Motion to Intervene.

### A.     Motion to Intervene

Everest seeks permissive intervention under Rule 24(b) of the Federal Rules of Civil Procedure. Rule 24(b) permits intervention "on a timely motion" to anyone who "(A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b)(1). In addition, "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." *Id.* at 24(b)(3). "[T]he procedural device of permissive intervention is appropriately used to enable a litigant who was not an original party to an action to challenge protective or confidentiality orders entered into in that action." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 778 (3d Cir. 1994) (citing cases). In such cases, challenging the validity of a

confidentiality or sealing order "meet[s] the requirement of [Rule 24(b)] that their claim must have 'a question of law or fact in common' with the main action." *Id.* Additionally, there is no sense that intervention unduly delays or prejudices the original litigants in this matter. Penn National voluntarily withdrew its petition less than a week after filing it, and the case closed. Everest filed its Motion to Intervene within a couple of months of petitioning the Court to compel arbitration in the related matter. Therefore, we will grant Everest's Motion to Intervene in the present matter to move for the unsealing of documents.

### B. Motion to Unseal

Everest seeks the unsealing of the arbitration award and reinsurance treaties between Penn National and Respondents New England Reinsurance Corporation and Hartford Fire Insurance Company ("Respondents"), which were attached as exhibits to Penn National's Petition to Confirm Arbitration Award. As we discussed in our opinion for the related, consolidated action (1:18-mc-653), the presumption favoring public access can be overcome only if the party seeking the sealing of records shows "good cause" that "disclosure will work a clearly defined and serious injury to the party seeking closure. The injury must be shown with specificity." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1999) (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)).

The Third Circuit recognizes certain factors, "which are neither mandatory nor exhaustive" to consider when determining if "good cause" exists, including:

>(1) whether disclosure will violate any privacy interests;
>
>(2) whether the information is being sought for a legitimate purpose or for an improper purpose;
>
>(3) whether disclosure of the information will cause a party embarrassment;
>
>(4) whether confidentiality is being sought over information important to public health and safety;
>
>(5) whether the sharing of information among litigants will promote fairness and efficiency;
>
>(6) whether a party benefitting from the order of confidentiality is a public entity or official; and
>
>(7) whether the case involves issues important to the public.

*Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995). The overarching aim of this analysis is to balance private interests with public interests. *Id.*

In many ways, our analysis mirrors our discussion the related action. The public's interest is again minimal, apart from a generalized interest in maintaining open judicial proceedings. Additionally, Penn National and the Respondents maintain a significant privacy interest in controlling disclosure of the terms of their contracts, as well as the arbitration of their dispute. Everest, however, argues that we must consider fairness and efficiency among litigants, particularly because

4

Everest does not have the arbitration award. Everest argues that it should have been party to the arbitration between Penn National and Respondents and, consequently, believes it is entitled to the award. As we address in the related action, though, the question of whether Everest should have been involved in the arbitration between Penn National and Respondents is one for an arbitration panel, not the Court. If the arbitration panel finds that the prior arbitration is relevant to the dispute between Everest and Penn National, then Everest could request the arbitration award through its arbitration with Penn National. Therefore, unsealing the documents is by no means the only mechanism by which Everest could obtain the documents, if that is deemed appropriate. On the other hand, unsealing the documents would expose the terms of reinsurance agreements to which Everest is not a party and in which Penn National and Respondents justly have a significant privacy interest. Therefore, we find that the balance of factors favors Penn National and Respondents, and the documents will remain sealed.

### III.   CONCLUSION

Consistent with the above analysis, we will deny Everest's Motion to Intervene and to Unseal Judicial Documents. (Doc. 6).

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. Everest Reinsurance Company's Motion to Intervene and to Unseal Judicial Documents, (Doc. 6), is **DENIED.**

                                            <u>s/ John E. Jones III</u>  
                                            John E. Jones III  
                                            United States District Judge